IN THE COMMON PLEAS COURT FOR UNION COUNTY, OHIO

MY JUNNA, LLC
7000 Blaney Road
Delaware, Ohio 43015

and

SHANNA HUBER
7000 Blaney Road
Delaware, Ohio 43015

      Plaintiffs

v.

CARETREE, INC.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, Delaware 19801

and

CARL HIRSCHMAN
222 West Merchandise Mart Plaza, Ste. 1230
Chicago, Illinois 60654

      Defendants

CASE NO. 21 C V 0 0 3 4

JUDGE FRASER

## COMPLAINT
### w/ Jury Demand

NOW COME Plaintiffs My Junna, LLC ("My Junna") and Shanna Huber ("Huber") and proffer this Complaint for damages against Defendants CareTree, Inc. ("CareTree") and Carl Hirschman ("Hirschman").

1. Plaintiff My Junna is an Ohio limited liability company doing business in the State of Ohio.

2. Plaintiff Huber is a natural person residing in Union County, Ohio who is the principal owner and operator of My Junna.

3. Defendant CareTree, Inc. is a Delaware corporation doing business in the State of Ohio.

4. Defendant Carl Hirschman ("Hirschman") is a natural person residing in Illinois who is a principal and/or owner of CareTree at all relevant times.

5. My Junna and CareTree are competitors in the business of providing health care management software to individuals and professionals.

6. Hirschman, individually and in his capacity with CareTree has, from time to time and most recently in late 2020 and early 2021, asserted to potential customers of both CareTree and My Junna that My Junna and Huber unlawfully copied CareTree's software for use in its business.

7. Hirschman has made the statements described in ¶ 6 above to potential customers of My Junna in an attempt to cast My Junna and Huber in a false light designed to damage their business and personal dealings and cause potential customers to choose CareTree instead.

8. The statements made by Hirschman as described in ¶ 6 above are untrue and have always been untrue.

9. Hirschman has made the statements described in ¶ 6 above in reckless disregard of their untruth to gain a competitive advantage for CareTree.

10. Hirschman has made the statements described in ¶ 6 above in reckless disregard of their untruth to damage the business reputation of both My Junna and Huber.

## COUNT I
## DECEPTIVE TRADE PRACTICES
### O.R.C. § 4165.01 et seq.

11. Plaintiffs reincorporate the allegations contained in ¶¶ 1-10 as if fully rewritten here.

12. Hirschman, for himself and for CareTree, has disparaged, and continues to disparage, the goods, services and business of My Junna.

13. Defendants' deceptive trade practices regarding Plaintiffs entitles each Plaintiff to compensatory damages, punitive damages, attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event at least $25,000.00 each, as well as the equitable remedy of an injunction ordering Hirschman and CareTree to cease and desist any commenting on the business of My Junna and Huber.

## COUNT II
## DEFAMATION

14. Plaintiffs reincorporate the allegations contained in ¶¶ 1-13 as if fully rewritten here.

15. Hirschman has made false and defamatory statements as described above without privilege to third parties, such statements having been made with disregard as to the truth or falsity.

16. Such statements on their face reflect upon the character of Huber in a manner that will cause her to be ridiculed, hated or held in contempt, and would tend to injure her in her business and the business of My Junna.

17. Hirschman's defamation regarding Huber entitles each Huber to compensatory damages, punitive damages, attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event at least $25,000.00.

**WHEREFORE**, My Junna and Huber, each one, requests judgment against Defendants jointly and severally for Count I, compensatory damages for pain and suffering, punitive damages, attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event at least $25,000.00, as well as the equitable remedy of an injunction

ordering Hirschman and CareTree to cease and desist any commenting on the business of My Junna and Huber; and,

**WHEREFORE**, Huber requests judgment against Defendants jointly and severally for Count II, compensatory damages, punitive damages, attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event at least $25,000.00.

## JURY DEMAND

Plaintiff demands a jury decide all counts above.

Respectfully Submitted,

Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881
*greeve@reevelaw.net*